UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CHARLES E. WATKINS,** ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0209 AS |
| ) | |
| **JOHN R. VANNATTA,** ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about April 11, 2005, *pro se* petitioner, Charles E. Watkins, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 10, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on September 6, 2005, and then asked for leave to file an amended Traverse on September 12, 2005. The amended Traverse was filed on October 5, 2005

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was convicted in the Tippecanoe Superior Court in 2001 of a series of offenses that resulted in an aggregate 28-year sentence. Much of this is more clearly explicated in an unpublished memorandum decision of the Court of Appeals of Indiana authored by Judge Friedlander, dated June 18, 2002. For the immediate reference of all concerned, the

memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. It is to be noted that Judges Brook and Sharpnack concurred in that opinion. Certainly this petitioner is entitled to the benefits, if any of *Houston v. Lack,* 487 U.S. 266 (1988). It is also correct that with reference to the facts found by the second highest court in Indiana, there is a burden on the petitioner to rebut the presumption of correctness under 28 U.S.C. §2254(e)(1).

Thereafter, there was post-conviction action in the state trial court which resulted in yet another memorandum opinion of the Court of Appeals of Indiana entered on July 21, 2005, which is marked as Appendix "B", attached hereto and incorporated herein. Certainly the provision of 28 U.S.C. §2254(e)(1) also applies. It is also to be noted that with reference to the most recent opinion of the Court of Appeals of Indiana, the Supreme Court of Indiana denied transfer on March 17, 2005.

Mr. Watkins makes three claims in his petition. First, he alleges the trial court committed fundamental erred under Indiana law in not giving an instruction that the state was required to show that he didn't manufacture the controlled substance only for his personal use. Second, he alleges his trial counsel was ineffective. Third, he alleges his appellate counsel was ineffective.

Mr. Watkins' first claim was not raised on direct appeal. During the post-conviction proceedings, because it couldn't be cognizable otherwise, this claim was framed as an issue of ineffective assistance of counsel for failing to tender an instruction on the definition of

2

"manufacture." Likewise, this claim will be considered along with the other ineffective assistance of counsel claims.

Mr. Watkins claims that his trial counsel was ineffective for failing to investigate and suppress his statement to Detective Davis, failing to file a motion to suppress the testimony regarding the telephone call from his wife, failing to impeach a state's witness with testimony from individuals identified to trial counsel, failing to investigate which caused him to present a non-participation defense without discussing options with Mr. Watkins, and failing to tender an instruction on manufacturing.

The applicable standards for review here are found in 28 U.S.C. §2254(d) as well as *Williams v. Taylor*, 529 U.S. 362 (2000). Mr. Watkins issues are raised here under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Mr. Watkins was required to establish that his counsel's performance was deficient and that absent those alleged deficiencies, there was a reasonable probability of a different outcome of the proceedings. *United States v. Cronic*, 466 U.S. 648 (1984), an opinion by Justice Stevens, involved the question of effectiveness of a criminal defense lawyer trying his first case. Both *Cronic* and *Strickland* are relevant here, and it is the view from here that the Court of Appeals of Indiana got that issue correct under the prevailing decisions of the Supreme Court of the United States.

In a series of recent decisions, the Court of Appeals in this circuit in dealing with effective assistance of counsel issues has certainly not envisioned 20-20 hindsight perfection. In fact, a series of decisions give defense counsel a fairly discretionary array of options to

3

make the best arguments that had the opportunity to succeed. Here, certainly the decision of the Supreme Court in *Michigan v. Mosley*, 423 U.S. 96 (1975) was considered and followed.

In this case the Indiana Court of Appeals considered each of Mr. Watkins' allegations of ineffective assistance of counsel. First, Mr. Watkins alleges that his trial counsel failed to file a motion to suppress the statement he made to a police officer after he had invoked his right to remain silent. Mr. Watkins argues that because is trial counsel presented a non-participation defense, there was no rational justification for counsel's failure to make an attempt to suppress the statement. The respondent argues that the Indiana Court of Appeals was correct in finding that trial counsel was not ineffective for failing to suppress the statement.

Mr. Watkins' trial counsel testified that he believed there were no grounds to suppress the statement because Mr. Watkins initially declined to answer questions and did not invoke his right to counsel. Mr. Watkins was approached by a different officer more than thirty minutes after he initially declined to answer questions, and had not requested counsel. The state court relied on *Michigan v. Mosely*, 423 U.S. 96 (1975) in determining that Mr. Watkins' right to cut off questioning were scrupulously honored, and that trial counsel would not have succeeded in arguing otherwise. Mr. Watkins was given his Miranda rights, he had not invoked his right to counsel, and the statement was made to a different office more than 30 minutes after he first declined to make a statement. Mr. Watkins' trial counsel testified

4

that he did not file a motion to suppress because he didn't believe there were grounds to do so. Mr. Watkins has not shown that if trial counsel had made the motion, the statement would have been suppressed. Mr. Watkins trial counsel was not ineffective for not attempting to suppress the statement.

Second, Mr. Watkins argues that trial counsel was ineffective for failing to make a proper objection and/or attempt to suppress an incriminating statement made by his wife on a cellular telephone call to Mr. Watkins when the phone was answered by a police officer. Mr. Watkins argues that his trial counsel was ineffective because counsel failed to make a proper objection to the admission of the statement or to have the statement suppressed based on the fact that the caller's identity was not authenticated. Mr. Watkins argues that if trial counsel had made a proper objection or moved to suppress the statement, the jury would not have heard the statement and the result of the proceedings would have been different. The respondent argues that trial counsel would not have succeeded in preventing the admission of the police officer's testimony regarding Mr. Watkins' wife's statement.

The Indiana Court of Appeals found that Mr. Watkins' trial counsel was not ineffective for failing to object to the wife's statements on the grounds of lack of foundation because such an objection would have not have been sustained. The court found that there was sufficient foundation given that the caller identified herself and had intimate knowledge of facts that only someone close to Mr. Watkins would know. The police officer's testimony as a whole was sufficient to establish the foundation for the admission of the statements

5

made during the phone call. Mr. Watkins has not shown that he was prejudiced by his trial counsels failure to object on different grounds, specifically lack of foundation for the identity of the caller who made the statements, nor has he shown that the objection would have been sustained.

Mr. Watkins next alleges that trial counsel was ineffective for failing to tender an instruction on "manufacture" and failed to object when the trial court didn't give such an instruction. Further, he claims counsel was ineffective for failing to discuss possible defenses with Mr. Watkins. Mr. Watkins argues that there was no rational justification for trial counsel's failure to tender an instruction or to object to the trial court's failure to instruct the jury on every element of the crime charged. The respondent argues that the Indiana Court of Appeals correctly found that trial counsel was reasonable in not objecting to the trial court's instruction because the defense used did not warrant an instruction defining "manufacture" in addition to the court's instruction which correctly set fort the elements of the offense.

The Indiana Court of Appeals found that based on Mr. Watkins' trial counsel's testimony, it was reasonable for his counsel to not tender an instruction or to object to the trial court's final instructions on those grounds. The court reasoned that at the time of the trial the amended statute was not yet in effect. The trial court's instructions were proper given Mr. Watkins' defense was that he was simply at the wrong place at the wrong time and was not involved in the manufacturing process. Mr. Watkins has not established that a proper objection would have been sustained, or that trial counsel's failure to object was

6

unreasonable and resulted in sufficient prejudice such that the outcome would have been different.  This claim is without merit

Mr. Watkins claims that his trial counsel failed to properly impeach Farrell, a witness for the state. Mr. Watkins says that there was no rational justification for trial counsel's failure to depose potential witnesses that would have provided valuable information to his defense, and that it was cannot be considered adequate representation or sound trial strategy not to question Farrell regarding threats made against his family by law enforcement officials. The respondent argues that Mr. Watkins has failed to show that his trial counsel's decision to elicit from Farrell that he expected lenient treatment in exchange for cooperation was ineffective assistance.

To establish a claim of ineffective assistance of counsel, Mr. Watkins must show that trial counsel's performance was unreasonable, and that he was prejudiced by the unreasonable performance. Mr. Watkins' trial counsel chose to impeach Farrell by bringing to light the fact that Farrell thought he would receive leniency from the State in exchange for his cooperation. Mr. Watkins says that his counsel should have subpoenaed a witness who could have testified that Farrell had been threatened by police in order to obtain his testimony. Mr. Watkins' counsel was aware of the allegation that Farrell had been threatened by the police, but counsel made a choice not to use the unsubstantiated information at trial. Mr. Watkins has not shown how trial counsel's performance was deficient or unreasonable, nor has he shown that he was prejudiced by the performance.

7

Finally, Mr. Watkins alleges that there was no rational justification for appellate counsel's failure to present as fundamental error the trial court's failure to instruct the jury on every element of the offense charged, specifically on the element of manufacturing. Mr. Watkins' appellate counsel says in answers to interrogatories (DE 13, part 12) he reviewed the instructions given to determine if there was reversible error, that he was aware of the "personal use" exemption, that he believed he raised the issues that had the best opportunity for a reversal of the conviction or modification of the sentence. He says he saw no evidence to indicate the defendant was making a personal use argument.

Mr. Watkins' trial counsel was not ineffective for failing to tender a jury instruction regarding "personal use" because the strategy of the case was that he did not use the drug and there was no case law at the time of the trial to support the personal use language. Likewise, appellate counsel was not ineffective for failing to raise the issue of ineffective trial counsel regarding the jury instruction related to "manufacture" and "personal use". Mr. Watkins' appellate counsel made a strategic decision based on the trial transcript. Mr. Watkins has not established that his appellate counsel was deficient, or that he was prejudiced by the decisions made.

For all of the reasons stated, the petition is **DENIED**.

IT IS SO ORDERED.
ENTERED: October 25, 2005

                                              S/ ALLEN SHARP
                                              ALLEN SHARP, JUDGE
                                              UNITED STATES DISTRICT COURT